IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| CLAUDE PERCY SALES, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | 1:11CV787 |
| v. | ) | 1:04CR260-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Claude Percy Sales, a federal prisoner, has brought a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. #23]. Petitioner was indicted on, and later pled guilty to, a single count of possession of a firearm following a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He was sentenced to 180 months of imprisonment as an Armed Career Criminal. His conviction and sentence were upheld on appeal. More than five years later, Petitioner brought the present Motion.

Petitioner raises a single claim for relief in his Motion, contending that his sentence under 18 U.S.C. §924(e) is invalid in light of the decision of the Court of Appeals for the Fourth Circuit in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), because he no longer has the necessary predicate offenses to qualify as an Armed Career Criminal. After initially opposing Petitioner's Motion, the Government has now filed a Supplemental Response, conceding, based on Simmons, that two of the prior North Carolina convictions used to support the Armed Career Criminal enhancement would not qualify as a predicate felony conviction in light of

Simmons.  In this regard, the Government concedes that, using the analysis set out in Simmons, Petitioner did not face more than a year of imprisonment for those prior convictions.  Based on this determination, the Government concedes that relief should be granted pursuant to 28 U.S.C. § 2255, that the sentence in this case should be vacated, and that this matter should be set for resentencing.

In addition, the Government has further affirmatively waived any statute of limitations defense or procedural defense that might otherwise apply.[1]  The parties thus agree that pursuant to the § 2255 Motion, Petitioner should be resentenced.[2]  Under 18 U.S.C. § 924(e), an Armed Career Criminal 15-year mandatory minimum sentence applies if a person violates 18 U.S.C.

---

[1] The Court construes this concession as a waiver of any waivable defenses that might otherwise apply, and the Court will proceed on the basis of that waiver.  See Day v. McDonough, 547 U.S. 198, 202 (2006) (holding that it would be "an abuse of discretion to override a State's deliberate waiver of a limitations defense"); Wood v. Milyard, 132 S. Ct. 1826, 1830 (Apr. 24, 2012) ("A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); see also Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter.").

[2] Thus, the Government has taken the position that Simmons applies on collateral review under 28 U.S.C. § 2255 and that the claims raised here are cognizable in these proceedings, at least with respect to defendants who were sentenced as Armed Career Criminals, but who would not have the requisite predicate offenses in light of Simmons and, therefore, would be serving a sentence greater than the statutory maximum that should apply.  See United States v. Hall, 1:08CR292-1 (M.D.N.C. Oct. 20, 2012) (vacating Armed Career Criminal sentence and setting matter for resentencing based on Government's concession in light of Simmons).  In addition, in taking this position, the Government has agreed that Simmons announced a new substantive rule of criminal law, at least as to defendants in that category.  Cf. Teague v. Lane, 489 U.S. 289, 306 (1989) (noting that new procedural rules are generally not applicable on collateral review, but new substantive rules are applicable on collateral review); Schriro v. Summerlin, 542 U.S. 348, 353 (2004) (noting that "[a] rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes").  This Court notes that the recent decision of the Court of Appeals for the Fourth Circuit in United States v. Powell concluded that the decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), which preceded Simmons, was a procedural rule not retroactively applicable on collateral review.  See United States v. Powell, 691 F.3d 554 (4th Cir. 2012).  However, in Powell, the Government took the position that the decision in Simmons, unlike Carachuri, "may have announced a new substantive rule of criminal law."  Id.  Therefore, the Court in Powell did not have before it the issue of whether Simmons was a procedural rule or a substantive rule applicable on collateral review.  Thus, it does not appear that the decision in Powell would preclude the position the Government takes here.  In the circumstances, this Court will accept the Government's concession and will recommend that relief be allowed based on that concession.

2

§ 922(g) as a felon in possession of a firearm and has three previous convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e). However, in Simmons, the Fourth Circuit held that whether a prior offense was a "felony" depended upon the maximum sentence that that particular defendant faced at the time of the prior conviction, in light of his criminal history, rather than the maximum sentence that could have been imposed on a defendant with the worst possible record. See Simmons, 649 F.3d at 241-47. In the present case, based on the evidence presented, Petitioner's prior North Carolina state court convictions included one Class F felony for which he faced a sentencing range of 19 to 23 months, but the remaining convictions for breaking and entering were Class H felonies for which the presumptive range of sentencing applied. Based on Petitioner's prior record level of III, the maximum sentence he faced under North Carolina law for these remaining convictions, as analyzed in Simmons, was 12 months or less. See N.C. Gen. Stat. § 15A-1340.17(c) and (d) (for offenses committed between Dec. 1, 1995 and Nov. 30, 2009); see also United States v. Cook, 457 F. App'x 285 (4th Cir. 2011) (applying Simmons to the determination of whether predicates were properly counted for purposes of § 924(e)). Therefore, based on this determination, and based on the concession by the Government that Petitioner is entitled to relief on that remaining request under § 2255, the Court will recommend that Petitioner's Motion to Vacate, Set Aside or Correct Sentence be granted, that Petitioner's sentence be vacated, and that this matter be set for resentencing.

IT IS RECOMMENDED that Petitioner's Motion under 28 U.S.C. § 2255 [Doc. #23] be GRANTED, that Petitioner's sentence be VACATED, and that this matter be set for resentencing in light of the Government's concession.

This, the 28th day of December, 2012.

                                                    /s/ Joi Elizabeth Peake
                                                  United States Magistrate Judge